HON ROBERT BRYAN

FILED / LODGED / RECEIVED

APR 08 2002

CLERK U S DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| GREGORY LOEPP, in his individual capacity and as natural guardian for JOSHUA LOEPP, a minor and MIKAL LOEPP, a minor, JESSICA LOEPP, and HEATHER LOEPP, <br><br>Plaintiffs, <br><br>vs <br><br>PIERCE COUNTY HOUSING AUTHORITY, KATHY CALLAHAN, in her official and individual capacities; STARLA WARREN, in her official and individual capacities, KAREN HULL, in her official and individual capacities, MICHELLE BAILEY, in her official and individual capacities, JERI DAVIS, in her official and individual capacities, and JOHN DOE 1 in his official and individual capacities, JANE DOE 1 in her official and individual capacities, JOHN DOE 2 in his official and individual capacities, and JANE DOE 2 in her official and individual capacities. <br><br>Defendants | NO CV02-5118 RJB <br><br>FIRST AMENDED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES FOR VIOLATION OF CONSTITUTIONAL RIGHTS <br><br>JURY DEMAND <br><br>CV 02-05118 #00000012 |

FIRST AMENDED COMPLAINT FOR INJUNCTION & DECLARATORY RELIEF & DAMAGES FOR VIOLATION OF CONSTITUTIONAL RIGHTS AND JURY DEMAND- 1



ORIGINAL

MACDONALD HOAGUE & BAYLESS
1500 HOGE BUILDING
705 SECOND AVENUE
SEATTLE WASHINGTON 98104 1745
(206) 622 1604
FAX (206) 343 3961

12

Plaintiffs hereby make the following claims against the defendants for violating their constitutional rights to be free from unreasonable searches and seizures and from deprivations of liberty and property as guaranteed by the Fourth, Fifth, and Fourteenth Amendments to the U S Constitution Specifically, Plaintiffs allege that on three separate occasions, defendants locked them out of their residence without due process as part of an illegal pattern and practice and that defendants illegally searched their residence and forcefully removed some of the plaintiffs from their residence in violation of the law

## I PARTIES

1 1 <u>Plaintiffs</u> Greg Loepp and his four children -- Jessica, Heather, Joshua, and Michael Loepp – resided in an apartment at the Park Meadow Apartments operated by Defendant Pierce County Housing Authority During all times relevant, the four children were minors Jessica and Heather Loepp are now 19 and 18 years-old respectively Joshua and Michael are still minors Greg Loepp brings this action in his individual capacity and as the natural guardian of Joshua Loepp and Mikal Loepp

1 2 <u>Defendants</u>.

1 2 1 The Pierce County Housing Authority ("PCHA") is a "public body corporate and politic" established by Pierce County pursuant to authority conferred by RCW 35 82 At all times relevant, PCHA provided housing to the Plaintiffs at Park Meadows Apartments in Tacoma during 1998-1999, as part of its HOPE Program PCHA is funded by Pierce County and is operated under color of state law

FIRST AMENDED COMPLAINT FOR INJUNCTION & DECLARATORY RELIEF & DAMAGES FOR VIOLATION OF CONSTITUTIONAL RIGHTS AND JURY DEMAND- 2

MACDONALD HOAGUE & BAYLESS
1500 HOGE BUILDING
705 SECOND AVENUE
SEATTLE WASHINGTON 98104 1745
(206) 622 1604
FAX (206) 343 3961

1 2 2   At times relevant, Kathy Callahan was employed by PCHA. Callahan participated in managing the HOPE Program for PCHA, including the illegal practices alleged herein.

1 2 3   At times relevant, Starla Warren was employed by PCHA. Warren participated in managing the HOPE Program for PCHA, including the illegal practices alleged herein.

1 2 4   At times relevant, Karen Hull was employed by PCHA. Hull participated in managing the HOPE Program for PCHA, including the illegal practices alleged herein.

1 2 5   At times relevant, Michelle Bailey was employed by PCHA as Resident Manager of Park Meadows Apartments. Bailey participated in managing the HOPE Program for PCHA, including the illegal practices alleged herein.

1 2 6   At all times relevant, Jeri Davis was employed by PCHA as Assistant Resident Manager of Park Meadows Apartments. Davis participated in managing the HOPE Program for PCHA, including the illegal practices alleged herein.

1 2 7   John Does 1 and 2 and Jane Does 1 and 2 were employed by PCHA and participated in the illegal practices alleged herein. Their identities are unknown at this time.

## II   JURISDICTION AND VENUE

2 1   The jurisdiction of this Court is invoked pursuant to 28 U S C Section 1343, 28 U S C Section 2201, and 42 U S C Section 1983. Plaintiffs claim a violation of their Fourth, Fifth, and Fourteenth Amendment rights guaranteed by the Constitution of the United States

FIRST AMENDED COMPLAINT FOR INJUNCTION &
DECLARATORY RELIEF & DAMAGES FOR VIOLATION
OF CONSTITUTIONAL RIGHTS AND JURY DEMAND- 3

MACDONALD HOAGUE & BAYLESS
1500 HOGE BUILDING
705 SECOND AVENUE
SEATTLE WASHINGTON 98104 1745
(206) 622 1604
FAX (206) 343 3961

2.2  Venue is appropriate in the Western District of Washington because a substantial part of the events complained of occurred in this District and because the defendants reside in this District. See 28 U.S.C. Section 1391(b).

### III.  STATEMENT OF FACTS

3.1  In July 1998, Plaintiffs, the Loepp family, rented and moved into an apartment owned and managed by Pierce County Housing Authority ("PCHA"), at Park Meadow Apartments F-302, 415 110th St. Ct. E, Tacoma, WA 98445 under PCHA's Hope Program.

3.2  The Loepp family paid monthly rent to PCHA.

3.3  The Loepp family enjoyed sole possession and use of the apartment.

3.4  The Loepp family used the apartment as the family home.

3.5  The Loepp family were tenants of PCHA.

3.6  In the first quarter of 1999, PCHA representatives including one or more of the named individual defendants came to the Loepp's door. Heather Loepp was home alone. The defendant's representatives changed the locks on the door and ordered Heather Loepp to leave immediately preventing her from putting on adequate clothing prior to evicting her. Defendants searched through the belongings of Plaintiffs.

3.7  As a result, Heather Loepp was forced to miss school and sit alone outside in the cold, dressed only in her undergarments, for several hours until her father came home from work. The entire Loepp family was then prevented from entering their apartment.

FIRST AMENDED COMPLAINT FOR INJUNCTION &
DECLARATORY RELIEF & DAMAGES FOR VIOLATION
OF CONSTITUTIONAL RIGHTS AND JURY DEMAND- 4

MACDONALD  HOAGUE & BAYLESS
1500 HOGE BUILDING
705 SECOND AVENUE
SEATTLE  WASHINGTON 98104-1745
(206) 622-1604
FAX  (206) 343-3961

3.8 Subsequently, Greg Loepp convinced representatives of PCHA that they made an error and to issue him keys so his family could repossess their apartment.

3.9 Again, in the first or second quarter of 1999, PCHA representatives including one or more of the named individual defendants came to the Loepp's door. Heather Loepp was again home alone. The defendant's representatives again changed the locks on the door and ordered Heather Loepp to leave immediately. Defendants searched through the belongings of the Loepps.

3.10 As a result, Heather Loepp was again forced to miss school and sit alone outside in the cold for several hours until her father came home from work. The entire Loepp family was then prevented from entering their apartment.

3.11 Subsequently, Greg Loepp again convinced representatives of PCHA that they made an error and to issue him keys so his family could repossess their apartment.

3.12 On December 28 or 29, 1999, PCHA representatives including one or more of the named individual defendants yet again came to the Loepp's door. Jessica, Joshua, and Mikal Loepp and Laura Hansen were home. The defendant's representatives again changed the locks on the door and ordered the Loepps and Ms. Hansen to leave immediately despite the fact they were dressed in their undergarments. One of the representatives then grabbed Jessica Loepp and physically began pulling her out of the Loepp's apartment involuntarily.

3.13 During this incident, several neighbors were watching.

FIRST AMENDED COMPLAINT FOR INJUNCTION &
DECLARATORY RELIEF & DAMAGES FOR VIOLATION
OF CONSTITUTIONAL RIGHTS AND JURY DEMAND- 5

MacDONALD HOAGUE & BAYLESS
1500 HOGE BUILDING
705 SECOND AVENUE
SEATTLE WASHINGTON 98104 1745
(206) 622 1604
FAX (206) 343 3961

3 14  The entire Loepp family was then prevented from reentering their apartment except to pack up and remove their belongings a different day

3 15  The individually-named (and unnamed) defendants participated in or authorized the lock-outs of Plaintiffs

3 16  At no time did PCHA serve any notice for the termination of tenancy on the Loepp family pursuant to RCW 59 12 030 or RCW 59 12 040

3 17  At no time did PCHA commence any unlawful detainer action against the Loepp family pursuant to Chap  59 12 RCW or Chap  59 18 RCW or any other court action seeking possession of their apartment

3 18  At no time did PCHA seek or obtain any court order authorizing its lock-out of the Loepp family, its entry into the Loepp's apartment or its physical removal of the family

3 19  At no time did PCHA offer the Loepp family any fair process or procedure by which it could contest the basis for their removal prior to the lock-out

3 20  As a consequence of the defendants' actions, the Loepp family has suffered severe emotional distress, and economic loss, including but not limited to the following

    a  homelessness,

    b  humiliation,

    c  mental disturbance,

    d  serious disruption of relationships and schooling;

    e  economic expense and loss, including rent

FIRST AMENDED COMPLAINT FOR INJUNCTION &
DECLARATORY RELIEF & DAMAGES FOR VIOLATION
OF CONSTITUTIONAL RIGHTS AND JURY DEMAND- 6

MacDonald, Hoague & Bayless
1500 HOGE BUILDING
705 SECOND AVENUE
SEATTLE WASHINGTON 98104 1745
(206) 622 1604
FAX (206) 343 3961

3.21  PCHA has locked out the plaintiffs and other families or has threatened to do so pursuant to its policy for the administration of its HOPE Program.

3.22  Pursuant to its policy, the defendant does not serve any notice for the termination of tenancy pursuant to RCW 59.12.030 or RCW 59.12.040.

3.23  Pursuant to its policy, the defendant does not commence any unlawful detainer against the families pursuant to Chap. 59.12 RCW or Chap. 59.18 RCW or any other court action seeking possession of the apartments.

3.24  Pursuant to its policy, the defendant does not seek or obtain any court order authorizing the lock-out of families, the entry into their apartments or their physical removal.

3.25  Pursuant to its policy, the defendant required HOPE Program families, as a condition of receiving their housing and of participating in the defendant PCHA's programs, to waive their rights to the protection of the law against lock-outs.

3.26  Defendants' conduct was intentional, reckless, or deliberately indifferent to plaintiffs' rights.

3.27  By Order dated September 6, 2001, in <u>Gray v. Pierce County Housing Authority</u>, No. 01-2-05229-8, Superior Court Judge Bruce Cohoe granted partial summary judgment to the Plaintiffs, who alleged illegal lock-outs of HOPE Program tenants by PCHA. The Court's Order stated:

> a.  HOPE Program participants... were tenants of PCHA when they occupied PCHA apartments during their participation in PCHA's HOPE Program.

FIRST AMENDED COMPLAINT FOR INJUNCTION &
DECLARATORY RELIEF & DAMAGES FOR VIOLATION
OF CONSTITUTIONAL RIGHTS AND JURY DEMAND- 7

MACDONALD HOAGUE & BAYLESS
1500 HOGE BUILDING
705 SECOND AVENUE
SEATTLE WASHINGTON 98104-1745
(206) 622-1604
FAX (206) 343-3961

    b    The tenancies of HOPE Program participants were governed by the Residential Landlord-Tenant Act, Chap 59 18 RCW   PCHA does not qualify under RCW 59 18 040 for an exemption from Chap 59 18 RCW

    c    PCHA's policy of locking out HOPE Program Participants without court process violated state law governing landlord-tenant relations, including Chap 59 12 RCW, and Chap 59 18 RCW

## IV   STATE ACTION AND COLOR OF STATE LAW

The defendants committed the above-described acts within the scope of their authority as employees of the Pierce County Housing Authority and under color of the laws of the State of Washington.

## V   CLAIMS FOR RELIEF

5 1   *First Cause of Action   Deprivation of Liberty*   By the above-described acts, defendants denied plaintiffs the right be free from governmental interference with their liberty and property without due process of law as guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the United States and 42 U S C  Section 1983

5 2   Defendants' conduct has proximately caused harm to plaintiffs

5 3   Defendants' conduct was done intentionally, with deliberate indifference, or with reckless disregard of plaintiffs' constitutional rights

5 4   *Second Cause of Action   Unreasonable Search and Seizure*   By the above-described acts, defendants engaged in unreasonable searches and seizures of plaintiffs and their

FIRST AMENDED COMPLAINT FOR INJUNCTION &
DECLARATORY RELIEF & DAMAGES FOR VIOLATION
OF CONSTITUTIONAL RIGHTS AND JURY DEMAND- 8

MACDONALD  HOAGUE & BAYLESS
1500 HOGE BUILDING
705 SECOND AVENUE
SEATTLE  WASHINGTON 98104 1745
(206) 622 1604
FAX (206) 343 3961

property in violation of the Fourth and Fourteenth Amendments of the Constitution of the United States and 42 U S C Section 1983

5 5 Defendants' conduct has proximately caused harm to plaintiffs

5 6 Defendants' conduct was done intentionally, with deliberate indifference, or with reckless disregard of plaintiffs' constitutional rights

## VI  REQUEST FOR RELIEF

WHEREFORE, the plaintiff requests relief as follows

6 1 Schedule this matter for a jury trial

6 2 A declaration that defendants' actions violate the Constitution

6 3 A permanent injunction preventing defendants from continuing to violate the Constitution

6 4 Compensatory damages in an amount to be proved at trial

6 5 Punitive damages against the individual defendants in an amount to be proved at trial, pursuant to 42 U S C § 1988

6 6 Costs, including reasonable attorneys' fees, pursuant to 42 U S C § 1988

6 7 The right to amend the Complaint to add claims under the Washington Residential Landlord Tenant Act after Plaintiffs have exhausted their administrative remedies through the tort claim process, if the matter is not resolved through that process

6 8 The right to conform the pleadings to the proof and evidence presented at trial

//

FIRST AMENDED COMPLAINT FOR INJUNCTION &
DECLARATORY RELIEF & DAMAGES FOR VIOLATION
OF CONSTITUTIONAL RIGHTS AND JURY DEMAND- 9

MACDONALD, HOAGUE & BAYLESS

1500 HOGE BUILDING
705 SECOND AVENUE
SEATTLE WASHINGTON 98104 1745
(206) 622 1604
FAX (206) 343 3961

1  6 9 Such other relief as the Court deems just and equitable

2  DATED this 5th day of April, 2002

3                              MacDONALD, HOAGUE & BAYLESS

4

5

6  By _____
   Jesse Wing, WSBA #27751
7  Attorneys for Plaintiff

25 FIRST AMENDED COMPLAINT FOR INJUNCTION &
   DECLARATORY RELIEF & DAMAGES FOR VIOLATION
   OF CONSTITUTIONAL RIGHTS AND JURY DEMAND- 10

MacDonald Hoague & Bayless
1500 HOGE BUILDING
705 SECOND AVENUE
SEATTLE WASHINGTON 98104 1745
(206) 622 1604
FAX (206) 343 3961